UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**AMBER AUBONE,**

*Plaintiff*,

v.                                               Case No. 5:20-CV-1472-JKP

**H-E-B, LP,**

*Defendant*.

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced this action pro se in state court seeking one million dollars for pain and suffering from alleged negligence resulting from Defendant banning her from its store for "insulting someone." Although she labels her claim as negligence, she asserts an alleged Civil Rights violation premised on discriminating against her on account of disability or race. Defendant removed the case to federal court based upon the Civil Rights assertion. After the Court set a summary judgment briefing schedule, Defendant timely filed a *Motion to Dismiss* (ECF No. 6) and a *No Evidence Motion for Summary Judgment* (ECF No. 7). Plaintiff has not filed a response to either motion.

### I. MOTION FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law."

---

[1] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

It is well-established that courts do not grant a default summary judgment merely because the motion elicited no response. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th

Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Gonzales v. Wells Fargo Bank, N.A.*, No. 19-CV-00278-DC, 2020 WL 7445973, at *2 (W.D. Tex. Nov. 23, 2020); *Simmons v. Vanguard Res. Inc.*, No. 5:19-CV-0848-JKP, 2020 WL 4738949, at *2 (W.D. Tex. Aug. 14, 2020). Indeed, Fed. R. Civ. P. 56(e) sets out various discretionary options that courts may utilize when any party "fails to properly addresses another party's assertion of fact as required by Rule 56(c)," including (2) considering "the fact undisputed for purposes of the motion" or (3) granting "summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

Defendant timely moved for summary judgment. It supports its motion with Plaintiff's state petition in this case and others. It also asserts that Plaintiff has no evidence to support any of her claims. It has carried its burden by pointing to an absence of evidence to support Plaintiff's claims. Plaintiff has filed no response to the motion. For purposes of the instant motion, the Court considers the facts presented by Defendant to be undisputed in accordance with Rule 56(e)(2) and considers whether Defendant is entitled to summary judgment as permitted by Rule 56(e)(3).

As set forth by Defendant in its motion, whether the Court considers Plaintiff's claim as one for negligence or as a Civil Rights violation, her claim does not survive summary judgment. Given Plaintiff's lack of response, the Court sees no need to belabor the legal standards applicable to such claims. Suffice to say, Plaintiff's claim does not satisfy the requisite elements for either negligence or a Civil Rights violation.

## II. MOTION TO DISMISS

In general, when a party has filed both a motion to dismiss and a motion for summary

judgment, granting summary judgment will moot the motion to dismiss to the extent they overlap. *See*, *e.g.*, *King v. Bigler LP*, No. H-10-0580, 2011 WL 1542737, at *8 (S.D. Tex. Apr. 20, 2011) (finding motion to dismiss moot in light when summary judgment motion adequately disposed of raised arguments); *RPC, Inc. v. Prudhomme*, No. 6:06-CV-152, 2007 WL 173860, at *2 (E.D. Tex. Jan. 19, 2007) (denying motions to dismiss as moot and granting plaintiff's motion for summary judgment); *Bell v. Dallas Hous. Auth.*, No. 3:02-CV-1829-L, 2003 WL 2245585, at *11 (N.D. Tex. Sept. 23, 2003) (mooting motion to dismiss because arguments therein "[were] subsumed in [the] summary judgment motion"). Here, there is substantial overlap between the motion to dismiss and the granted motion for summary judgment. Thus, the motion to dismiss is moot to that extent.

The motion to dismiss, however, also directly addresses a potential claim by Plaintiff under the Americans with Disabilities Act ("ADA"). For the reasons stated in that motion, the Court agrees that Plaintiff has not stated an ADA claim upon which relief can be granted. And to the extent Plaintiff seeks to assert such a claim, the Court finds that she cannot salvage it through any amendment.

### III. CONCLUSION

After reviewing the motions, briefing, operative complaint, summary judgment evidence, and the relevant law, the Court **GRANTS** the *No Evidence Motion for Summary Judgment* (ECF No. 7) filed by Defendant. It also **GRANTS** the *Motion to Dismiss* (ECF No. 6) to the extent that the motion does not overlap the summary judgment motion and otherwise finds it **MOOT**. By separate document, the Court will enter Final Judgment for Defendant.

**IT IS SO ORDERED this 16th day of December 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**